UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYLER CHRZAN #799498,

              Plaintiff,                            Hon. Janet T. Neff

v.                                          Case No. 1:19-cv-116

TERRY MACKAY et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on the disposition of Defendants' Motion for Summary Judgment Based on Failure to Exhaust.  (ECF No. 15.)  Defendants contend that Plaintiff failed to exhaust his retaliation claim against Defendant Hoffman because he did not raise his claim of a retaliatory misconduct ticket during the hearing on the misconduct ticket or in his appeal.  Defendants concede that Plaintiff properly exhausted his misconduct ticket-based retaliation claim against Defendant Mackay.  Because Plaintiff alleges several acts of retaliation, the undersigned recommends that Defendants' motion be **GRANTED**, but that only the portion of Plaintiff's claim against Defendant Hoffman based on the issuance of a misconduct ticket be dismissed without prejudice for failure to exhaust.

## BACKGROUND

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC), filed his complaint in this case on February 11, 2019, pursuant to 28 U.S.C. § 1983. Plaintiff alleges that, while incarcerated at the Oaks Correctional Facility, Defendants retaliated

against him for filing grievances.   (ECF No. 1 at PageID.4–5.)   Plaintiff alleges that Defendants'
retaliatory acts included placing Plaintiff in segregation, filing false misconduct charges, and
enhancing Plaintiff's security classification.   (*Id.* at PageID.6.)

Because the instant motion is limited to the misconduct ticket portion of Plaintiff's claim
against Defendant Hoffman, only the facts pertinent to that claim are recounted here.   On June
15, 2018, Plaintiff attempted to resolve an issue with Defendant Hoffman prior to filing a grievance
against him.   Plaintiff alleges that Defendant Hoffman stated, "You want to file a grievance huh?
Well, you can go to segregation and think about it."   Plaintiff was ultimately handcuffed and
escorted to segregation.   Shortly after Plaintiff stated that he intended to file a grievance,
Defendant Hoffman issued Plaintiff a class II misconduct ticket for disobeying a direct order.   (*Id.*
at PageID.5, 21.)

On June 25, 2018, a hearing was held on the misconduct ticket that Defendant Hoffman
issued.   Plaintiff pled not guilty to the charge.   Following the hearing, the hearing officer found
Plaintiff guilty of the charge.   (ECF No. 16-4 at PageID.98.)   Plaintiff appealed the hearing
officer's decision on the misconduct ticket, arguing that the hearing officer was biased and
misapplied P.D. 03.03.105 in imposing a 15-day loss-of-privileges sanction.   However, Plaintiff
did not allege that the misconduct ticket was retaliatory.   (ECF No. 16-4 at PageID.100.)
Plaintiff's appeal was denied.   (*Id.*)

In their motion, Defendants argue that Plaintiff failed to exhaust his available
administrative remedies as required by the Prison Litigation Reform Act (PLRA) as to his claim
that Defendant Hoffman issued Plaintiff a retaliatory misconduct ticket.   *See* 42 U.S.C. § 1997e.
They contend that because Plaintiff failed to allege retaliation during his misconduct hearing on
June 25, 2018, his claim must be dismissed.   (ECF No. 16 at PageID.75–76.)   Plaintiff filed a

2

response, in which he argues that he properly exhausted his claim through the MDOC's administrative grievance process.   (ECF No. 20 at PageID.146–149.)

## MOTION STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).   Material facts are facts which are defined by substantive law and are necessary to apply the law.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).   A dispute is genuine if a reasonable jury could return judgment for the non-moving party.   *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."   *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."   *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."   *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).   The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."   *Arnett*, 281 F.3d at 561.   Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the

evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

<u>A</u><u>NALYSIS</u>

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Prisoners are no longer required to demonstrate exhaustion in their complaints.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id*.  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust."  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

In general, a Michigan prisoner seeking to exhaust his administrative remedies must comply with MDOC Policy Directive 03.02.130 (effective July 9, 2007, superseded on March 18, 2019), which provides a three-step grievance procedure.  *See Williams v. Washington*, No. 2:18-cv-144, 2019 WL 4722704, at *3–4 (W.D. Mich. June 12, 2019); *Smith v. Goulet*, No. 1:17-C - 618, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018).  Certain matters, however, such as decisions made in misconduct hearings, are non-grievable.  MDOC Policy Directive 03.02.130 ¶ F(2), (3).  In addition, pursuant to Michigan law, "[a] prisoner aggrieved by a final decision or

order of a hearings officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order."   M.C.L. § 791.255(1); *see also* MDOC Policy Directive 03.03.150 ¶ UUU (providing for appeal of a class II misconduct hearing officer's decision).

In *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011), the Sixth Circuit confirmed that claims concerning decisions made in the misconduct hearing process must be exhausted through that process, not the prison grievance procedure.  *See Smith*, 2018 WL 3688468 at *2 (noting that "decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable" and that prisoners must raise issues concerning misconduct tickets in the misconduct hearing).   Following *Siggers*, courts in both this district and the Eastern District of Michigan have concluded that, in order to properly exhaust a retaliatory misconduct ticket claim, the prisoner must raise that claim at the misconduct hearing and, if unsuccessful, in a motion or application for rehearing or in an appeal.   *See, e.g.*, *Rush v. Newcomb*, No. 2:18-cv23, 2019 WL 3755967, at *6 (W.D. Mich. May 24, 2019), *report and recommendation adopted* 2019 WL 3733846 (W.D. Mich. Aug. 8, 2019) (concluding that the plaintiff failed to exhaust because he "failed to assert any fact that could support a claim of retaliatory action at the time of his misconduct hearing, and he did not petition to reopen his hearing"); *Ayotte v. Stemen*, No. 15-13826, at *5 (E.D. Mich. Feb. 27, 2019), *report and recommendation adopted* 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019) (noting that pursuant to *Siggers*, a prisoner "must argue that his receipt of a misconduct ticket was based on conspiracy or retaliation during the first misconduct hearing" and then must file a motion or application for rehearing if unsuccessful); *Harris-Bey v. Alcodray*, No. 16-12666, 2017 WL 3124328, at *4 (E.D. Mich. July 24, 2017) (concluding that the plaintiff failed to properly exhaust because "he did not

allege retaliation at his misconduct hearing and, additionally, he did not appeal the finding of guilt following that hearing as required by MDOC Policy Directive 03.03.150 at VVV"); *Alexander v. Ojala*, No. 2:16-cv-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016) ("Plaintiff could only exhaust the claim that he was given a retaliatory misconduct ticket by asserting this claim during his misconduct hearing.").

In this case, the misconduct hearing report and Plaintiff's appeal disclose that Plaintiff failed to raise the issue of retaliation at both the misconduct hearing and in his appeal.   (ECF No. 16-4 at PageID.98, 100.)   Plaintiff does not deny that he failed to argue retaliation at the misconduct hearing or in his appeal.   Instead, he argues that he exhausted his claim because he complied with the MDOC's grievance procedure set forth in MDOC Policy Directive 03.02.130. Citing an unreported Sixth Circuit order in *Anthony v. Ranger*, No. 11-2199, 2012 U.S. App. LEXIS 27031 (6th Cir. June 19, 2012), Plaintiff argues that following the grievance procedure constituted proper exhaustion because he is challenging Hoffman's decision to file the misconduct report rather than the hearing officer's decision following the misconduct hearing.   (ECF No. 20 at PageID.148.)   Even if Plaintiff's grievance against Hoffman concerned Hoffman's issuance of the misconduct ticket—which it did not—*Siggers* is a reported decision of the Sixth Circuit and is binding on this Court.   *See Markva v. Haveman*, 168 F. Supp. 2d 695, 708–09 (E.D. Mich. 2001) ("For a district court sitting in the Eastern District of Michigan, the reported decisions of the United States Court of Appeals for the Sixth Circuit are binding upon that district court.").   In contrast, *Anthony*, an unpublished order of the Sixth Circuit, "does not serve as binding precedent."[1]   *Gray*

---

[1]The Court has found only two district court cases citing *Anthony* for the proposition that a prisoner may exhaust a retaliatory misconduct ticket claim through the MDOC's grievance procedure.   *See Brown v. Rivard*, No. 16-cv-12362, 2017 WL 3405171, at *3 (E.D. Mich. Aug. 9, 2017); *Green v.*

*v. Moore*, 520 F.3d 616, 624 n.1 (6th Cir. 2008).    Accordingly, Plaintiff fails to present any evidence creating an issue of fact that he exhausted his remedies with regard to his claim that Defendant Hoffman wrote a retaliatory misconduct ticket.

### CONCLUSION

For the reasons set forth above, I recommend that the Court conclude that Plaintiff failed to exhaust his claim that Defendant Hoffman wrote Plaintiff a retaliatory misconduct ticket on June 15, 2018.    I further recommend that the Court grant Defendants' Motion for (partial) Summary Judgment (ECF No. 15) and dismiss without prejudice only Plaintiff's claim that Defendant Hoffman wrote a retaliatory misconduct ticket.

### NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: February 3, 2020                                  /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

---

*Lennox*, No. 12-14003, 2013 WL 5231972, at *4 (E.D. Mich. Sept. 17, 2013).    In *Smith v. Goulet*, No. 1:17-cv-618, 2018 WL 4374976 (W.D. Mich. June 20, 2018), Magistrate Judge Green noted that "[s]uch cases are difficult to reconcile with the Sixth Circuit's published decision in *Siggers v. Campbell* finding that the status of a grievance claiming a retaliatory major misconduct charge was 'irrelevant' because the only place the prisoner could properly raise challenges relating to the issuance of the misconduct charge was at the administrative hearing." *Id.* at *5 n.7.    The undersigned concurs with this observation.