UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYLER CHRZAN #799498,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                   Case No. 1:19-cv-116

TERRY MACKAY et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC), sued Defendants, Inspector Terry Mackay and Corrections Officer Eric Hoffman, pursuant to 42 U.S.C. § 1983 alleging that they retaliated against him in violation of his First Amendment rights. Defendants move for summary judgment, arguing: (1) Plaintiff cannot sustain his burden of proving a valid retaliation claim against Defendant Mackay; and (2) the Court's prior dismissal without prejudice of Plaintiff's misconduct-ticket-based claim against Defendant Hoffman disposed of Plaintiff's only claim against Defendant Hoffman in this case, requiring his dismissal from the case. Plaintiff has failed to respond to the motion within the time provided by Local Civil Rule 7.2(c). *See* W.D. Mich. LCivR 7.2(c) (providing that "any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials").

Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** Defendants' Motion for Summary Judgment. (ECF No. 32.)

# I. Background

The events giving rise to Plaintiff's claims occurred at the Oaks Correctional Facility in May and June of 2018. (ECF No. 1 at PageID.4–5.) Plaintiff's claims against Defendants Mackay and Hoffman arise out of unrelated events. (ECF No. 33-2 at pageID.225.)

## A. Defendant Mackay

Plaintiff alleges that Defendant Mackay issued Plaintiff a misconduct for insolence in retaliation for Plaintiff filing a grievance against non-Defendant Iverson for verbally harassing and abusing Plaintiff. (ECF No. 1 at PageID.4.) Plaintiff's grievance against Iverson was based on a May 29, 2018 incident. Plaintiff filed a grievance against Iverson on June 1, 2018, in which he alleged that, during the May 29, 2018 incident, Iverson degraded, harassed and spoke over Plaintiff and that such conduct was "degrading, offensive, and unprofessional . . . which subjected me to inhumane treatment, humiliation, and emotional and mental abuse." (ECF No. 33-3 at PageID.240.) Plaintiff further stated:

> [Iverson's] uncontrollable rage demonstrates the inability to communicate with prisoners effectively or treat them in a responsible manner. It also illustrates he may be ill-equipped with the necessary social skills and temperament to work around prisoners in a housing unit. I urge administrators to visit the housing unit and interview prisoners about Iverson's recurring acts of unprofessionalism.

(*Id.*) Iverson wrote Plaintiff a misconduct ticket for loitering because of his behavior during the May 29, 2018 incident. (*Id.* at PageID.240.) Plaintiff was found guilty on the misconduct ticket and sanctioned seven days' loss of privileges. (*Id.* at PageID.241.)

Defendant Mackay was assigned to investigate and respond to Plaintiff's grievance against Iverson. (ECF No. 33-5 at PageID.249.) Mackay interviewed Plaintiff and Iverson and also watched the video recording of the incident, which showed Plaintiff walking into and out of his room and all over the unit, as Iverson had described. The video contradicted significant portions of Plaintiff's version of events. (ECF No. 33-3 at PageID.241.) Defendant Mackay found no

2

violation of MDOC policy, as Plaintiff had alleged, and instead concluded that Plaintiff lied to her and had written the grievance in retaliation for Iverson writing the misconduct. (*Id.*) Defendant Mackay subsequently wrote Plaintiff a misconduct ticket for violating the rule against insolence because of the content of his grievance. That is, rather than complaining of the issue that was the subject of the grievance, Plaintiff used the grievance to harass and personally attack Iverson. (ECF No. 33-5 at PageID.249.) Plaintiff was found guilty and received 30 days loss of privileges for the infraction. (*Id.*)

### B. Defendant Hoffman

On June 15, 2018, Plaintiff attempted to resolve an issue with Defendant Hoffman prior to filing a grievance against him. Plaintiff's complaint concerned the condition of Plaintiff's cell after Defendant Hoffman conducted a shakedown. (ECF No. 1 at PageID.5; ECF No. 1-2 at PageiD.25–26.) Plaintiff alleges that during the discussion, Defendant Hoffman stated, "You want to file a grievance huh? Well, you can go to segregation and think about it." Plaintiff was ultimately handcuffed and escorted to segregation.  Shortly after Plaintiff stated that he intended to file a grievance, Defendant Hoffman issued Plaintiff a class II misconduct ticket for disobeying a direct order.   (ECF No. 1 at PageID.5; ECF No. 1-2 at PageID.21.)

On June 25, 2018, a hearing was held on the misconduct ticket. Plaintiff pled not guilty to the charge. Following the hearing, the hearing officer found Plaintiff guilty of the charge. (ECF No. 16-4 at PageID.98.) Plaintiff's appeal of the hearing officer's decision was denied. (ECF No. 16-4 at PageID.100.)

### II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts

are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).

### III.  Discussion

#### A.  Defendant Hoffman

As noted, Defendants previously moved for summary judgment as to Plaintiff's retaliatory misconduct claim against Defendant Hoffman because Plaintiff failed to properly exhaust that claim. The Court granted the motion and dismissed without prejudice only Plaintiff's claim that Defendant Hoffman wrote a retaliatory misconduct ticket. (ECF No. 23 at PageID.169; ECF No. 24 at PageID.170.) In their motion, Defendants conceded that Plaintiff properly exhausted his claim that Defendant Hoffman subjected Plaintiff to retaliatory harassment during the shakedown—a claim that Defendants discerned from Plaintiff's complaint. (ECF No. 16 at PageID.76.) Accordingly, while the Court dismissed Plaintiff's retaliatory misconduct ticket claim without prejudice, it did not dismiss Defendant Hoffman from the case. However, the complaint does not appear to allege a retaliatory harassment claim (ECF No. 1 at PageID.5), and in his

4

subsequent deposition, Plaintiff confirmed that the only claim he intended to allege against Defendant Hoffman was the retaliatory misconduct claim. (ECF No. 33-2 at PageID.234.)

Plaintiff also alleged that Defendants' retaliatory acts resulted in Plaintiff being placed in segregation and Plaintiff's security classification being increased. (ECF No. 1 at PageID.5–6.) As Defendants have shown, Plaintiff does not complain that either Defendant retaliated against him apart from writing a misconduct ticket. Plaintiff has not shown that Defendants were connected in any way to his placement in segregation, and his security classification increase was simply a remote consequence of the misconduct tickets that Defendants Hoffman and Mackay wrote. In fact, neither Defendant played any part in increasing Plaintiff's security classification or sending Plaintiff to segregation. In addition to receiving the two misconducts at issue here, on June 27, 2018, Plaintiff received a Class I misconduct for Possession of Dangerous Contraband. (ECF No. 33-9 at PageID.278.) Because this offense is non-bondable, a prisoner so charged must be placed in segregation until the administrative hearing is held. (ECF No. 33-5 at pageID.250.) Thus, Plaintiff was placed in segregation as a result of the Class I misconduct, which is not part of Plaintiff's claims in this case. (ECF No. 33-10 at PageID.281.) Plaintiff was placed in segregation on July 1, 2018 and remained there until July 5, 2018, when he pled guilty to the Class I misconduct. (ECF No. 33-9 at PageID.278; ECF No. 33-10 at PageID.281.) Plaintiff's security reclassification occurred the same day he pled guilty to the Class I misconduct. Moreover, the security reclassification was based on Plaintiff having received three misconducts—the two at issue in the complaint and the Class I misconduct. (ECF No. 1-2 at PageID.30.) Plaintiff admitted during his deposition that the security classification screen resulting in an increased security classification was based on the three misconducts. (ECF No. 33-2 at PageID.238.) In any event, there is no evidence that, apart from writing Plaintiff the misconducts at issue in this case,

Defendant Hoffman or Defendant Mackay played any role in sending Plaintiff to segregation or increasing his security classification.

Accordingly, because Plaintiff's only claim against Defendant Hoffman has already been dismissed without prejudice, Defendant Hoffman should be dismissed from the case.

### B. Defendant Mackay

In order to state a First Amendment retaliation claim, a plaintiff must establish that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In addition, a plaintiff must be able to prove that the protected conduct was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). If the plaintiff can show that his protected conduct was a substantial or motivating factor in the defendant's alleged retaliatory conduct, "the burden shifts to the defendant to show that the same action would have been taken even absent the protected conduct." *Brown v. Crowley*, 312 F.3d 782, 787 (6th Cir. 2002) (citing *Thaddeus-X*, 175 F.3d at 399).

Plaintiff's claim against Defendant Mackay fails at the first step. A frivolous grievance does not constitute conduct protected by the First Amendment. *Hill v. Lappin* 630 F.3d 468, 472 (6th Cir. 2010); *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (stating that although "[a]n inmate has an undisputed right to file grievances against prison officials . . . [t]his right is protected . . . only if the grievances are not frivolous") (internal citation omitted) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Plaintiff's grievance was frivolous in two respects. First, it was legally frivolous because it complained about verbal abuse and harassment by Iverson. The Sixth

6

Circuit has held that a grievance complaining about verbal abuse is frivolous because "[a]n inmate has no constitutionally protected right to be free from verbal abuse." *Scott v. Kilchermann*, No. 99-1711, 2000 WL 1434456, at *2 (6th Cir. Sept. 18, 2000) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) ("Even if the grievance was not frivolous, he did not state a claim for retaliation in the form of verbal harassment. An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation."). Second, the grievance was factually frivolous. After conducting her investigation and reviewing the video of the May 29, 2018 incident, Defendant Mackay determined that Plaintiff's allegations in his grievance were not only factually unsupported, but verifiably untrue. (ECF No. 33-3 at PageID.241.)

Even if Plaintiff were able to establish a prima facie case of retaliation, Defendant Mackay has shown that the action she took was unrelated to Plaintiff's legitimate exercise of his First Amendment rights because his grievance contained several insolent remarks about Iverson, in violation of MDOC Policy Directive 03.02.130 ¶ G (effective 07/09/2007), which prohibited prison grievances containing "language which demeans the character . . . of any person . . . unless it is part of the description of the grieved behavior and is essential to that description." Defendant Mackay wrote the grievance for insolence because the content of Plaintiff's grievance was well within the definition of such violation according to the MDOC Pocket Guide for Prisoner Rule Violations. (ECF No. 33-3 at PageID.249.) Plaintiff was found guilty of the infraction and sanctioned 30 days loss of privileges. *Id.* Plaintiff does not dispute the validity of the misconduct ticket or the guilty finding.

Accordingly, Defendant Mackay is entitled to summary judgment on Plaintiff's claim.

## IV. Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' Motion for Summary Judgment (ECF No. 32), dismissing Defendant Hoffman from the case without prejudice, dismissing Plaintiff's claim against Defendant Mackay with prejudice and terminating the case.

### NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: November 30, 2020                          /s/ Sally J. Berens
                                                                        SALLY J. BERENS
                                                                        U.S. Magistrate Judge